## No. 7399.

### M. U. PAYNE vs. P. H. KEMP ET ALS.

The husband may make a transfer of his property to his wife, in payment of her legal claim against him, whether she has a mortgage or not; and his insolvency is no obstacle to such settlement, as the law contemplates his very financial embarrassment as the reason of the transfer, which is, therefore, not subject to the rules of the Revocatory action. Decision in Levi, Executrix, vs. Morgan *et al.*, 33 An. 532, affirmed.

The right that the wife had against her husband for such transfer, her heirs have after her death, and the *dation en paiement* or transfer can equally be made to them; but the debt which it is proposed to satisfy, must be a real and legal one, properly evidenced. Therefore, the *dation en paiement* made by the father to his children in payment of their rights, as heirs of their mother, in the Community, will be set aside in favor of creditors of that Community, if the same has not been liquidated.

APPEAL from the Sixth Judicial District Court, parish of St. Helena. *Duncan, J.*

*Breaux & Hall* for Plaintiff and Appellant:

First—A giving in payment made by a transferror who is insolvent and to transferree aware of the fact, is null and void. C. C. 1982, 1983; De Greek & Co. vs. Murphy & Gaines, 26 An. 297.

Second—To charge a community with the price of slaves, said to have been inherited by the wife, such slaves must first be identified as her inheritance. 2d. The sale must be shown to have been of the identical slaves by the husband.

Third—Inventories make no proof of the interest of heirs, partitions only, or accounts duly homologated, and settlement with the heirs prove the quantum of such interest; and to charge the community the interest, must be traced to the hands of the husband.

Fourth—Heirs have nothing to claim from the community until it is settled. Phelan vs. Ax, 25 An. 380.

### *J. H. Muse* and *Jos. A. Reid* for Defendants and Appellees:

First—" No creditor can, by the action given by this section (revocatory action), sue individually to annul any contract made before the time his debt accrued." R. C. C. Art. 1993.

Second—The funds received by a husband as the inheritance of his wife from her parents, constitute a trust fund not to be identified with his own, by himself or his creditors.

Third—A *dation en paiement* by a father and natural tutor to his children of one-half the community property in satisfaction of his liabilities to them, no community debts existing, is an effectual partition and settlement between the father and the heirs of his deceased wife of the community.

Fourth—The proposition that the inheritance of minors derived from their grand parents through their mother, and from her succession after her death, may be absorbed in payment of debts created by the father, and natural tutor of his minor children, after the death of their mother, and the dissolution of the community is repugnant to the laws and jurisprudence of Louisiana.

---

The opinion of the Court was delivered by

Levy, J. Plaintiff, as the holder and owner of a note executed by the defendant Kemp, for the sum of $2035 15, dated December 4th, 1872, payable twelve months after date to Payne, Dameron & Co., with eight per cent. interest from maturity, endorsed by payees, and held by plaintiff for valuable consideration, before maturity, brought this suit to recover judgment therefor against said maker, and to have set aside a *dation en paiement* or transfer of the said P. H. Kemp to his children, made on the 23d of March, 1874, by an act under private signature, and to have the property, thus given in payment and transferred, subjected to the payment of the debts of said P. H. Kemp, and ordered to be sold to pay plaintiff's debt, as above mentioned. In his petition, plaintiff alleges that the said act is "null and void and designed as a fraudulent contrivance to divert the property of said P. H. Kemp from the payment of his debts and without reserving means for the payment of petitioner and his other creditors, and *him* entirely insolvent." He avers "that said transfer was without consideration; that he was not indebted to his children in any amount; that he was entitled to the usufruct of all community property which entered into the estimate made in said transfer, which he abandoned to his said children as a donation; that the price fixed for said property is fictitious, and fixed far below its real value, by collusion, without any design to make a

sale; that the pretended sale of the homestead tract of land is void for uncertainty, and that the consummation of said transaction would be a great injury to the rights of petitioner."

Defendants filed exceptions to the action and prayed for its dismissal on the grounds: 1st. " That the note sued on has never been presented for payment at the place designated in said note. · 2nd. That the note described in the petition does not correspond with the note annexed thereto. 3rd. That there is no allegation of any indebtedness of defendant, P. H. Kemp, to any other person, saving only plaintiff, and that there is not even a *prima facie* showing of fraud on the part of defendants." These exceptions were overruled.

Defendants, in their answer, admitted the *dation en paiement*, and averred that the same was a just, legal settlement of the matters and things embraced therein. P. H. Kemp denied that he was indebted to plaintiff in the amount of the note; alleged that he had offsets and compensable demands against the note, and claimed $1000 damages in reconvention. The case was tried by a jury, and there was a verdict in favor of the plaintiff, with judgment against the defendant, P. H. Kemp, for the amount of the face of the note sued on, and sustaining the sale. The judgment is as follows: " It is, therefore, ordered, adjudged and decreed that said plaintiff do have and recover of said defendant (P. H. Kemp) the sum of $2035 15, the amount of the face of the note sued on, and the law and the evidence and the verdict of the jury being in favor of the defendants (naming them) and against the plaintiff, M. U. Payne, it is, therefore, ordered, adjudged and decreed that the said defendants do have and recover judgment against said plaintiff sustaining the act of *dation en paiement* made by P. H. Kemp to his children and co-defendants." The plaintiff has appealed. The judgment against the defendant, P. H. Kemp, is only for the *face* of the note. We cannot perceive any reason which should confine the plaintiff to the recovery of the mere face of the note. No valid or reasonable defense has been made to the claim on the note, and the judgment, therefore, should carry with it interest at eight per cent. per annum from its maturity, December 14th, 1873, as stipulated in its body.

The evidence in the record discloses that P. H. Kemp received, by virtue of partitions made among the heirs of the successions of A. Womack and Celia Womack, the father and mother of his wife, Parmelia Kemp, deceased, the portions therein in cash, slaves and personal property, to which his said wife was entitled, for which he was accountable to his children, issue of his marriage with said Parmelia, his wife. In order to settle this indebtedness, P. H. Kemp, on an appraisement agreed upon by himself and children, made a *dation en paiement* of all his property, with the exception of a tract of land retained by him as a

homestead, and which was not liable to seizure, for the purpose of liquidating *pro tanto* his acknowledged indebtedness to his children. The amount of this indebtedness was declared by him and them to be on account of amounts from successions of their grandfather and grandmother, A. Womack and wife, $6196 94, and the interest of the children in the succession of their mother, Parmelia Kemp, $4426 80, making in all $10,623 74; and the aggregate amount of the property given in payment is in the act estimated as of the value of $9259.

Nothing in the evidence goes to show an undervaluation of the property transferred to the children in the act of *dation en paiement*. It does not appear, nor is it contended by defendants, that any mortgage existed upon the property of the husband, securing the indebtedness to the wife. No registry of the wife's claims seems to have been made.

In the case of *Levi, Executor, vs. Morgan et al.*, recently decided by us and not yet reported, we held: "If a real indebtedness existed in favor of the wife, whether it imported a mortgage or not on the immovables of the husband, the latter could discharge such indebtedness by a *dation en paiement* to the wife, if there was no other obstacle opposed thereto but a superior mortgage or privilege thereon in favor of another creditor of the husband, but such transfer would be made subject to such superior right or claim on the part of this creditor."

And, "lastly, the plaintiff's counsel contends that the sale or transfer should be set aside, because Morgan, the husband, was insolvent when he made it, and that it was a clear case of a preference of one creditor over another. This proposition would have great weight were the legal question involved in it a new one; but it has been fully settled by frequent adjudications of this Court, that transfers of the husband to the wife, in satisfaction of her paraphernal claims, are not subject to the same rule that applies, ordinarily, to the revocatory action and the right to such action. Thus, in the case of Judice vs. Neda, 8 An. 485, the Court said : ' The wife, before she obtains a separation of property, is bound to allege and prove the embarrassment of her husband and to justify her belief that his property may not be sufficient to meet her rights and claims. So that the husband must generally be in failing circumstances before a separation of property can be obtained, and yet article 2421 expressly authorizes transfers by the husband to the wife in satisfaction of these judgments. There are no distinctions made between transfers made after a judgment of separation and those which are made without such judgment.' And in 30 An. 745: 'Neither the pecuniary embarrassment nor the actual insolvency of the husband, is any obstacle to a transfer by the husband to the wife in good faith, for the replacing of her money or property alienated by him.' " The prin-

ciple, thus enunciated as applicable to the rights of the wife, must be applied to her heirs, who can enforce those derived from their ancestor.

But while the right to make such transfer exists, its effect must be confined within proper limits. The debt which it is proposed to satisfy to the extent of the property given, must be a real and legal one. The bare assertion of its existence will not suffice to maintain it, unsupported by proof of its validity. To the extent of such validity the transfer will alone be maintained. Here there enters into the consideration the price of a slave ($800) sold by Kemp, which is treated as a portion of the paraphernal property of the wife disposed of by the husband. There is a total absence of any proof showing that this was the wife's property, and, therefore, the sum of $800 should be deducted from the sum of $6196 94, alleged to have been received by P. H. Kemp in his wife's share in the successions of A. Womack and wife, reducing the indebtedness on that score to $5396 94. The sum of $4426 80, the alleged interest of the children, heirs of Parmelia Kemp, in the community, was not a liquidated indebtedness, which should bind the plaintiff creditor. There does not appear to have been a settlement of the community, and no legal ascertainment has been had of the interest of the heirs in such community. If there were no persons concerned but the father and children, the convention between them would doubtless be binding, but as there are other persons in interest, and creditors of the community itself, this summary mode of disposing of the assets cannot be maintained. The debt in favor of the plaintiff was contracted during the marriage; there was no separation of property or dissolution of the community, and the community was, from the record, clearly liable for plaintiff's claim, and its assets should not thus arbitrarily be diverted. The condition of the succession at the death of the wife must be considered, and, whatever might have been her claims against her husband on account of her separate property, it is plain that the community debts affected the community and were to be discharged thereby.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court, in so far as it gives judgment in favor of the plaintiff and against the defendant P. H. Kemp, for the face of the note sued on only, be amended so as to allow interest on the amount of said note of two thousand and thirty-five dollars and fifteen cents, from the 14th of December, 1873, until paid, at the rate of eight per centum per annum; and that the judgment sustaining the act of *dation en paiement* made by P. H. Kemp to his children and co-defendants, be amended by decreeing, and it is hereby decreed, that the same be sustained only to the extent of the sum of five thousand three hundred and ninety-six dollars and ninety-four cents, that being the amount of the indebtedness of the

said P. H. Kemp to his co-defendants, for which they are entitled to share in the property conveyed to them, and that said property be subjected to the payment of the judgment in favor of plaintiff herein, and to share in the proceeds of the sale of said property in the proportion which said judgment bears thereto. Appellees to pay the costs of both courts.

Mr. Justice FENNER recuses himself in this case, having been of counsel.